IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO. 10-09758 (ESL)
                                          :
MARIA VIRGINIA SANTOS FRANCO              :        CHAPTER 11
                                          :
                                          :
         Debtor                           :
_____         :

OPINION AND ORDER

This case came before the court on July 17, 2012 for a hearing to consider the motion to dismiss filed by secured creditor Mr. Tomás Céspedes (dkt. #176) (hereinafter "Céspedes") and the opposition thereto filed by the debtor (dkt. # 183).  Céspedes alleges that the debtor has failed to timely file monthly reports of operation ("MOR"), has failed to file a disclosure statement and plan, and is administratively insolvent.  The debtor alleges that the monthly reports of operation have been filed and that the time granted by the court to file the disclosure statement and plan has not lapsed. Since the time granted to file the disclosure statement and plan has not lapsed, this ground for dismissal is hereby denied.  However, after considering the pleadings before the court, the parties' proffers and the testimony of debtor's state court counsel, the court finds that cause for dismissal has been established, and, thus, grants the motion to dismiss for the reasons that follow.

Facts

1.      The debtor filed the instant chapter 11 petition on October 19, 2011.

2.      Céspedes is a secured creditor in the amount of $1,021,343,44, resulting from an attachment on a commercial property of the debtor located at Bairoa Ward, Caguas, Puerto Rico, to secure a judgment in his favor in case number KCD 03-0179 before the Superior Court of Puerto Rico, Caguas Part.

3.      The MOR for the month October 2010 was filed on December 13, 2010.  An amended report of operations corresponding to the month of October 2010 was filed on May 5, 2011.

4.      The MORs for the months of November 2010, December 2010, January 2011,  and January 2011 were also filed on May 5, 2011.

5.      The MORs for the months of November 2011, December 2011, January 2012,

February 2012, March 2012, and April 2012 were filed on June 15, 2012.

6. As of this date, the MORs for the months of February 2011 through October 2011, May 2012 and June 2012 have not been filed.

7. The monthly reports of operations do not show that the debtor is paying all its post petition taxes.

8. The debtor has four real properties. Two are being foreclosed after the corresponding secured creditors obtained orders from this court lifting the automatic stay. Debtor's residence will be surrender to the secured creditor as the debtor is unable to comply with the monthly payments. The fourth real property is the property attached by Céspedes.

9. Whether or not the debtor was able to lease or sell the commercial property serving as collateral to Céspedes claim was not established. There was no evidence presented as to how the debtor will repay the secured claim held by Céspedes.

10. Accrual of interest and litigation costs are continuously diminishing the equity, if any, that the only remaining property of the estate may have.

Applicable Law

Section 1112(b)(1) of the Bankruptcy Code provides as follows:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1) (Emphasis ours.)

The Court's discretion to dismiss or convert a Chapter 11 case is limited if cause is established. See Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), 2008 Bankr. Lexis 3968, 2008 WL 4531982 (B.A.P. 1st Cir. 2008); and AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.), 360 B.R. 398, 401 (Bankr. D. N.H. 2007) ("Prior to its amendment, the statute provided that a court 'may' dismiss the case upon finding cause, but amended section 1112(b) provides that a court 'shall' dismiss if cause is found, absent unusual circumstances."). The initial burden is on the movant to argue and present evidence by a preponderance of the evidence standard to prove its position that there is cause for either conversion or dismissal of the Chapter 11 case, whichever is in the best

2

interests of creditors and the estate. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.04[4] (16th Ed. 2011). "Thus, until the movant carries this burden, the statutory direction that the court 'shall convert the case to a case under chapter 7 or dismiss the case' is not operative." Id. "Cause" is demonstrated through the preponderance of evidence standard. See Keven, A. McKenna, P.C. v. Official Comm. of Unsecured Creditors (In re Keven, A. McKenna, P.C.), 2011 U.S. Dist. LEXIS 57985 (D.R.I. 2011); In re El Legado, 2010 Bankr. LEXIS 1676, 2010 WL 1924439 (Bankr. D.P.R. 2010); In re Woodbrook Assoc's., 19 F.3d 312 (7th Cir. 1994); Colonial Daytona Ltd. Partnership v. American Sav. of Fla., 152 B.R. 996, 1001-1002 (M.D. Fla. 1993). Once"cause" is established, the burden shifts to the debtor to demonstrate "unusual circumstances" that establish that dismissal or conversion to Chapter 7 is not in the best interests of the creditors and the estate. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.05[1] (16th Ed. 2011) and In re Dr. R. Samanta Roy Institute of Science Technology Inc., 2011 US App. Lexis 12148 at *8 (3rd Cir. 2011) (once cause is found, the burden shifts to the opposing party to show why dismissal or conversion would not be in the best interests of the estate and the creditors). The bankruptcy court retains broad discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), 2008 Bankr. Lexis 3968 (1st Cir. B.A.P. 2008). A determination of unusual circumstances is fact-intensive and contemplates facts that are not common to Chapter 11 cases. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.05[1] (16th Ed. 2011). If the Chapter 11 case is devoid of "unusual circumstances", then the bankruptcy court must apply the Section 1112(b)(2) analysis to determine whether the Chapter 11 case should be dismissed or converted to a Chapter 7.

Although Section 1112(b)(4) of the Bankruptcy Code fails to define what "cause" means, it does provide a list of circumstances that constitute "cause" for conversion or dismissal. The list of causes is non-exhaustive and thus a case may be converted or dismissed for other causes. See AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.), 360 B.R. at 401, and Tuli v. US Trustee, 124 Fed. Appx. 830, 831 (5th Cir. 2005). See also 11 U.S.C. § 1112(b)(4) (using the term "includes" before listing various reasons for dismissing a case).

Thus, for purposes of 11 U.S.C. § 1112, under the particular facts of this case, the term "cause" includes, but is not limited to, the following:

(A)     substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

...

(F)     unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter [11 U.S.C. §§ 1101 et seq.]

(I)     failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief.

*(A)     Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation*

This cause entails a two-fold inquiry: (1) whether after the commencement of the case, the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset value; and (2) whether there is any reasonable likelihood that the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's business enterprise back on a solid financial footing within a reasonable amount of time. Both tests must be satisfied in order for cause to exist under cause. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.04[6][a] (16th Ed. 2011). Also see In re Citi-Toledo Partners, 170 B.R. 602, 606 (Bankr. N.D. Oh. 1994) ("Section 1112(b)(1) contemplates a 'two-fold' inquiry into whether there has been a 'continuing diminution of the estate and absence of a reasonable likelihood of rehabilitation.'") (citations omitted). To satisfy the first prong, "[a]ll that need be found is that the estate is suffering some diminution in value". In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y. 1988)[1], also cited in In re Citi-Toledo Partners, 170 B.R. at 606, and Taub v. Taub (In re Taub), 427 B.R. 208, 230 (Bkrptcy. E.D.N.Y. 2010), aff'd at 2010 U.S. Dist. LEXIS 104805, E.D.N.Y. August 30, 2010). To consider the diminution of the estate, the court must evaluate the current condition of the estate and look beyond financial statements. Canpartners Realty Holding Co. IV, L.L.C. v. Vallambrosa Holdings

---

[1] The case law prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (2005), is applicable to the analysis of Section 1112 of the current Bankruptcy Code, especially since the new language in Section 1112(b)(4)(A) is almost identical to the one pre-BAPCPA. See In re Gateway Solutions, Inc., 374 B.R. 556, 562 (Bankr. M.D. Pa. 2007).

Co., 419 B.R. 81, 88 (Bankr. S.D. Ga. 2009). If the court finds that there is in fact such diminution, it must then consider the second prong: whether or not "the Debtor or another party [will] be able to 'stop the bleeding' and return the debtor to solid financial footing within a reasonable amount of time." Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.04[6][a] (16th Ed. 2011). For purposes of this cause, "likelihood of rehabilitation" does not equate "reorganization". Id. Rehabilitation contemplates the successful maintenance and re-establishment of the debtors' business operations and "to put back in good condition; re-establish on a firm, sound basis." In re Vallambrosa Companies, 274 B.R. 721, 725 (Bankr. N.D. Oh. 2002) See also Loop Corp. v. United States Trustee, 290 B.R. 108, 113 (D. Minn. 2003) aff'd 379 F.3d 511 (8th Cir. 2004), cert. denied 543 U.S. 1055, 125 S. Ct. 915, 160 L. Ed. 2d 778 (2005). To determine whether the debtor's business prospects are sufficient to justify a finding of a reasonable likelihood of rehabilitation, the court must analyze if the causes for debtor's continuing losses can be corrected, and if the debtor or some other party in interest is capable or willing to perform the necessary remediation. This is not a "technical [test] of whether the debtor can confirm a plan, but rather, whether the debtor's business prospects justify continuance of the reorganization effort." In re Original IFPC S'holders, Inc., 317 B.R. 738, 742 (Bankr. N.D. Ill. 2004). Nevertheless, rehabilitation in a Chapter 11 begins with a confirmable plan. It then requires, at minimum, the prospect of re-establishment of a business. See Loop Corp., 379 F.3d at 518; Loop Corp., 290 B.R. at 113-14. "If the debtor or some other party in interest is unable or unwilling to put together a convincing business plan within a reasonable amount of time, and can offer neither a valid justification for the failure to do so nor a reasonable prospect of being able to accomplish the task in the near future, there is often little reason to proceed with the reorganization." Id. See also In re Winshall Settlor's Trust, 758 F.2d 1136, 1137 (6th Cir. 1985) ("The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state ... '[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its *raison d'etre* ...'") (citation omitted); A. Illum Hansen, Inc. v. Tiana Queen Motel, Inc. (In re Tiana Queen Motel, Inc.), 749 F.2d 146, 151 (2nd Cir. 1984) (dismissal warranted where no prospect of rehabilitation because the debtor lacked the "wherewithal necessary

to market their properties expeditiously, [an ability] to devise a reorganization plan grounded in reality" and where secured creditors suffered as a result), cert. denied, 471 U.S. 1138, 105 S. Ct. 2681, 86 L. Ed. 2d 699 (1985); and Johnston v. Jem Dev. Co. (In re Johnston), 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992).  "A plan for rehabilitation under Chapter 11 must be based on more than speculative data."  In re Schriock Constr. Inc., 167 B.R. 569, 576 (Bankr. D.N.D. 1994).  "If it is apparent that the debtor has no profitable core around which to structure a plan of reorganization, if the debtor is faced with continuing losses, and if the debtor's assets are declining in value, the best interest of creditors may require the court to dismiss or order liquidation of the debtor's estate under Chapter 7."  In re Macon Prestressed Concrete Co., 61 B.R. 432, 436 (Bankr. M.D. Ga. 1986).  Also see In re Kors, Inc., 13 B.R. 676, 681 (Bankr. D. Vt. 1981).  "However honest in its efforts the debtor may be, and however sincere its motives, the District Court is not bound to clog its docket with visionary or impracticable schemes for resuscitation."  Tennessee Publishing Co. v. American Nat'l Bank, 299 U.S. 18, 22, 57 S.Ct. 85, 87 (1936).  "[T]here must be 'a reasonable possibility of a successful reorganization within a reasonable time.'"  United Sav. Ass'n v. Timbers of Inwood Forest Assoc's., 484 U.S. 365, 376, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988) (citations omitted).  "Courts usually require the debtor do more than manifest unsubstantiated hopes for a successful reorganization."  In re Canal Place Ltd. Partnership, 921 F.2d 569, 577 (5th Cir. 1991); In re Brown, 951 F.2d 564, 572 (3rd Cir. 1991).

The record of this case and the evidence presented demonstrate that Debtor's estate has diminished in value, which amply satisfies the first prong.  See In re Kanterman, 88 B.R. at 29 ("[a]ll that need be found is that the estate is suffering some diminution in value").  Debtor's cash flow has also been inconsistent since the filing of the petition, as evidenced in Debtor's MORs. The debtor has already lost two real properties to foreclosure proceedings after lifting the stay in favor of the corresponding secured creditors and is about to surrender her residence.  The Debtor has not presented evidence to show that there is a viable Chapter 11 plan. Consequently, dismissal for cause under § 1112 (b)(4)(A) has been established.

6

*(B)*    *Unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter [11 U.S.C. §§ 1101 et seq.].*

Pursuant to Section 1112(b)(4)(F) of the Bankruptcy Code, unexcused failure to report or to file required information constitutes cause for conversion or dismissal. Sections 704(8), 1106(a)(1), 1107(a) of the Bankruptcy Court, Federal Rule of Bankruptcy Procedure 2015 and LBR 2015-2 require debtors in possession, such as Debtor, to file monthly operating reports within the twentieth (20th) day of the subsequent month. "The non-filing of required reports must be 'unexcused', therefore indicating that the court has discretion to determine whether the debtor's failure rises to the level of cause." In re Landmark Atl. Hess Farm, LLC, 448 B.R. 707, 716 (Bankr. D. Md. 2011).

The docket of this case shows that Debtor repeatedly filed tardy monthly operating reports and has failed to file the monthly reports of operation corresponding to May 2012 and July 2012.

"Refusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case. The failure to file monthly operating statements ... 'whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings.'" In re Tornheim, 181 B.R. 161, 164 (Bankr.S.D.N.Y. 1995) (citations omitted). Similarly, in In re Crosby, 93 B.R. 798 (Bankr. S.D. Ga. 1988), the court recognized, but did not hold, that there is authority for dismissing a case for cause where a debtor did not file monthly operating reports until the morning of a hearing on the failure to file the reports. Likewise, in In re Whitehurst, 198 B.R. 981 (Bankr. N.D. Ala. 1996), the court found that failing to file Chapter 11 operating reports is sufficient Section 1112(b) cause for dismissing or converting a Chapter 11 case. In Babakitis v. Robino (In re Robino), 243 B.R. 472 (Bankr. N.D. Al. 1999), the court dismissed the case *inter alia* due to debtor's failure to file his monthly operating reports and reasoned as follows: "the debtor left [the] Court and the parties without the information the reports were designed to produce. The harm is both legal and practical. Neither can be ignored." Id. at 486. The same reasoning is applicable to this case. Consequently, cause to dismiss under § 1112 (b)(4)(F) has been established.

*(C) Failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief.*

Section 1112(b)(4)(I) specifically establishes that "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief" constitutes cause to dismiss or convert a Chapter 11 case. Thus, failure to file a tax return or pay taxes post-petition is ground for dismissal. See In re Dr. R. C. Samanta Roy Inst. of Sci. Tech. Inc., 2011 U.S. App. LEXIS 12148 (8th Cir. 2011). The monthly reports of operation show that the debtor is not paying all post petition state and federal taxes. Consequently, cause for dismissal under § 1112 (b)(4)(I) has been established.

## Conversion or Dismissal

After the moving party establishes that there is cause to dismiss or convert the case to Chapter 7, the court must choose between dismissal or conversion, "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). The standard for choosing between conversion or dismissal based on "the best interest of creditors and the estate" implies application of a balancing test by the bankruptcy court. See In re De Jounghe, 334 B.R. at 770, and In re Staff Inv. Co., 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992). The legislative history shows that Congress intended to invest the bankruptcy court with "wide discretion … to make an appropriate disposition of the case" and "to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases." In re De Jounghe, 334 B.R. at 770, citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 406, reprinted in 1978 U.S.C.C.A.N. 5963, 6361-62.

After considering the ongoing litigation over the only remaining asset of the estate and the amount of the secured claims encumbering the same, the court concludes that dismissal, rather than conversion to Chapter 7, is in the best interest of the estate.

## Unusual Circumstances

The next phase of the analysis the court must engage in is whether Debtor has demonstrated that there are "unusual circumstances" that establish that the dismissal or conversion is not in the best interests of the creditors and the estate. The court finds that the Debtor has not demonstrated

nor alleged "unusual circumstances" in the instant case. Thus the Debtor has not established all of the factual elements in conformity with this section. Debtor has failed to allege, and much less meet his burden, that there are unusual circumstances showing that conversion or dismissal is not in the best interest of the estate and creditors.

Conclusion

Based on the foregoing, and considering the totality of the circumstances, this court concludes that dismissal is warranted and mandated pursuant to 11 U.S.C. § 1112(b)(4). Therefore, Céspedes' motion to dismiss is hereby granted.

Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of June, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge